## GRAY v. COAN ET AL.

1. **Tax Sale:** EFFECT OF REDEMPTION UPON A FORMER SALE. Redemption from tax sale will not remove the lien of a former sale for delinquent taxes, and the rights of the purchaser at the former sale are not affected by the redemption from the subsequent one.

2. **Conveyance:** ABSOLUTE DEED: TRUST. If the grantee under a deed absolute upon its face, although really executed in trust, convey by deed of general warranty to a purchaser without notice, the latter takes the property discharged of any equity in favor of the first grantor.

3. **Estoppel:** FORMER ADJUDICATION: CONVEYANCE. An adjudication unfavorable to the title of the grantor of real estate will estop a subsequent grantee from asserting title based upon his conveyance.

*Appeal from Clinton District Court.*

WEDNESDAY, APRIL 7.

THIS action involves the title to thirty-nine lots in Arnold and Young's addition to the city of Clinton.

In July, 1855, Dwight Reed, of Wayne county, Pennsylvania, furnished Z. W. Arnold $900, to be invested in real estate in the name of Z. W. Arnold, along the line of the Mississippi & Iowa Central Railroad, or somewhere in the State of Iowa; it being agreed that upon the sale of the real estate Reed should receive the sum of money furnished by him, with seven per cent interest; and that the net proceeds of the sales over and above that sum should be equally divided between Arnold and Reed.

With this money Arnold bought a large quantity of land, and took the title in his own name. A portion of the land so purchased was laid off into town lots, and includes the lots in controversy.

On the 17th day of March, 1859, Z. W. Arnold and S. T. Arnold, his wife, by a deed of general warranty, conveyed twenty-six of the lots in controversy to Dwight Reed.

On the 6th day of October, 1862, all the lots in controversy were sold to the defendant, Wm. F. Coan, for the delinquent taxes of 1858, 1859, 1860 and 1861. On the 19th and 24th

days of May, 1866, the treasurer of Clinton county executed to Coan tax deeds for the lots purchased, which deeds were recorded on the respective days of their execution.

On the 1st day of September, 1866, Dwight Reed, by a deed of general warranty, except as to the pre-existing tax title, conveyed to Wm. F. Coan the twenty-six lots before mentioned, and which were embraced in Coan's tax deeds.

On the 22d day of February, 1867, Eunice N. Gray, wife of the present plaintiff, claiming to be the owner of the lots in controversy through a sheriff's sale and deed under a judgment recovered in June, 1859, against Z. W. Arnold, and through a sale of part of the property under a trust deed executed in October, 1858, by Z. W. Arnold and wife, instituted an action against William F. Coan, and others, to set aside the tax sale of said lots. This action was determined adversely to the plaintiff, Eunice N. Gray, and the judgment of the District Court was afterward affirmed in this court. See 30 Iowa, 536.

Afterward, to-wit: on the 25th day of December, 1870, S. T. Arnold, the widow, and James M. Arnold, the son, and the only heirs of Z. W. Arnold, who in the meantime deceased, quit-claimed all their interest in the premises in controversy to Daniel Gray, the plaintiff in this action.

The consideration for this conveyance was an old claim held by Eunice N. Gray against the estate of Z. W. Arnold, and which was barred by the statute of limitations.

On the 4th day of August, 1873, Daniel Gray procured from his wife, Eunice N., a deed for the property in controversy.

On the 22d day of October, 1873, plaintiff commenced against Wm. F. Coan, and his various vendees of a portion of the property, his action of right for the possession of all the property in controversy.

The defendant Coan answered, claiming that he was the owner of all the lots except those he had sold to his co-defendants. He set up his tax deeds, and alleged that more than five years had elapsed since they were recorded, and asked that

the estate of defendants in the property be established against the adverse claims of plaintiff.

The plaintiff afterward, on the 27th day of February, 1874, filed an amended and substituted petition in equity, alleging that the deed of Arnold to Reed for a portion of said property, though absolute upon its face, was in trust for the ultimate benefit of Arnold to the extent evidenced by the written contract under which Reed furnished Arnold the money to buy said property; that Coan had full knowledge and notice of the nature of the trust when he accepted his deed to said property from Reed; that there was no tax sale to Coan on the 6th of October, 1862, as recited in the deeds; that there was a fraudulent combination among the bidders at the sale; that said land was sold in October, 1863, for the taxes of 1862, and that Eunice N. Gray, through plaintiff, made application to redeem from all tax liens thereon, and that the clerk fraudulently made the certificates so as to include only the tax liens for the year 1862, and represented that the same included all the tax sale liens on the property. The petition prays an accounting, and that Wm. F. Coan may be required to convey to plaintiff so much of the property as shall be set apart to him by decree.

The answer denies that the conveyance from Arnold to Reed was in trust; denies that Coan or any of the defendants had any knowledge of the contract between Arnold and Reed under which the property in question was purchased, and denies all the allegations respecting the invalidity of the tax sale, and all the other material allegations of the petitions, or avers the lack of knowledge or information sufficient to form a belief.

This answer was filed as an amendment to the original answer and counter-claim before filed, to be taken in connection with it, and not as a substitute for it.

The court decreed that the relief prayed for be denied, that plaintiff's petition be dismissed, and that the titles of the defendants to respective portions of the property be quieted against all claims of the plaintiff. Plaintiff appeals.

*D. B. Nash*, for appellant.

*Hayes & Young*, for appellee.

DAY, J.—Although the abstract in this case is quite volum-inous, and counsel have argued the case at great length, the

**1. TAX SALE: effect of redemption upon former sale.**  whole covering nearly two hundred and fifty pages, yet the real questions involved, and necessary to a determination of the case, are very few and very simple.

All of the property in controversy was sold in 1862 for the delinquent taxes of preceding years, and in 1866 the defendant, Coan, procured and recorded his tax deeds therefor.

If this sale was valid, and there is nothing connected with the efforts at redemption, which gives plaintiff an equity as against the purchaser, there is an end of this controversy.

We are satisfied, from a careful examination of all the evidence, that the sale was properly conducted, and in the usual manner so far as the treasurer was concerned. There is an absolute want of sufficient proof that the purchaser, Coan, was in any way concerned in any fraudulent combination, or that any such combination had anything to do with the lots in controversy.

As to the offer to redeem from the tax sale, we are fully satisfied from all the evidence, that Daniel Gray, as the agent of Eunice, had no intention to redeem from the tax sale of 1862. The evidence clearly shows that Daniel Gray, who is a lawyer, thought that, by redeeming from the subsequent tax sale in 1863, the lien of the prior tax sale in 1862, would be removed. And it is even now claimed by plaintiff's counsel that such was the effect of the redemption from the tax sale of 1863. This was the position mainly relied upon in the case of Eunice N. Gray against this defendant, and which was decided adversely to the claim of appellant by this court. See *Gray v. Coan*, 30 Iowa, 536.

II. There is another view of the case which is equally fatal to the plaintiff's claim to a greater portion of the property.

Gray v. Coan.

The deed from Arnold to Reed is absolute upon its face. The

2. CONVEY-
ANCE: abso-
lute deed:
trust.

deed from Reed to Coan is one of general war-
ranty, except as to the existing tax titles, and
conveys twenty-three of the lots in controversy.
The evidence shows clearly that Coan had no knowledge of
any equities between Arnold and Reed at the time of his
purchase.

He is an innocent purchaser, and takes the property dis-
charged of any equities existing in favor of Arnold.

III. In addition to all this, we feel quite well satisfied
that whatever interest existed in Zara W. Arnold, passed to

3. ESTOPPEL:
former adju-
dication: con-
veyance.

Eunice N. Gray through her sheriff's deed, and a
sale under a trust deed, and that whatever interest
the plaintiff holds, he acquired by the conveyance
from his wife, and that he acquired nothing under the deeds
from S. T. Arnold and James M. Arnold. Under this view
the plaintiff would be in privity of estate with his grantor,
Eunice, and would be estopped from again litigating the valid-
idty of her title.

But because of a dispute between counsel as to the real
terms of the sheriff's deed to Eunice N. Gray, and because of
doubt as to whether the question of estoppel by prior adjudi-
cation is fairly raised by the pleadings, we do not place the
decision of the case upon this last ground.

The question as to whether the statute of limitations pro-
tects the tax deed from attack, and as to whether the evidence
shows that Zara W. Arnold as against Reed had any equities
in the property, we deem it unnecessary to discuss. Many
other questions have been urged by counsel which we need
not notice.

We are fully satisfied that plaintiff has not established any
right to the property. The decree of the court below is in all
respects

AFFIRMED.